verdict responsive. See Branch's Ann.P.C. § 444; Byrd v. State, 90 Tex.Cr.R. 418, 235 S.W. 891, and Strickland v. State, 116 Tex.Cr.R. 506, 31 S.W.(2d) 437.

Appellant's motion for rehearing is overruled.

## SCHUPBACK v. STATE.

### No. 19005.

Court of Criminal Appeals of Texas.

May 5, 1937.

Currie McCutcheon and Leslie A. Prichard, both of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for 25 years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed George Kimmel by striking and beating him with a wooden board.

Deceased operated a beer tavern. On the occasion of the homicide, appellant and several companions had gone to deceased's place of business for the purpose of drinking beer. According to a witness for the state, appellant stated to him at the time that he and his companions had "come over to kick the place in." Referring to deceased, appellant also stated that "if the old man didn't like it he would kick his head in." The testimony of the state was to the further effect that one of appellant's companions had refused to pay deceased for the beer he had been drinking. An argument ensued, during which time a member of the party was beating on the top of a showcase with his fist. Deceased asked him not to hit the showcase; whereupon he broke said case with a beer bottle. Said parties then went outside. Procuring a pistol, deceased followed them and pursued one of them around his automobile. He finally jumped in the car, and the deceased went to the door and was apparently still insisting that he pay him what he owed him. At this juncture appellant struck deceased across the temple with a board, fracturing his skull.

Appellant testified that deceased was pointing his pistol at him at the time he struck him; that deceased said: "I will kill all of you s's of b's"; that, believing deceased was going to kill him and his companions, he got the board out of the automobile and struck him. Appellant testified: "I had no idea of killing him by hitting him with the board, just to stop the man."

Appellant brings forward several bills of exception in which it is shown that, in interrogating appellant's character witnesses on cross-examination, counsel for the state framed many of the questions in such manner as to apprise the jury that appellant had been guilty of specific acts of misconduct. The bills of exception relating to said matters are deficient, in that they are quali-

fied by the court to show that appellant failed to except to the action of the court in overruling his objections to said questions. Several bills of exception show that the state proved, over appellant's objection, that appellant had been in jail for fighting and drunkenness; that on other occasions he had run some witnesses off; and that he had been in jail on several occasions. Such testimony was inadmissible for any purpose. It was in no wise related to the transaction out of which the homicide grew. It was inadmissible to combat the testimony of appellant's witnesses to the effect that his reputation for being peaceable and law-abiding was good. However, these bills of exception are in the same attitude as those first referred to, in that they are qualified to show that appellant failed to except to the action of the trial court in overruling his objections.

Bill of exception No. 59 shows that, in argument to the jury, the assistant district attorney used language as follows: "They (meaning the defendant and his companions) had gone to a dance and beat up a man before going to Kimmel's." It is certified in the bill as follows: "It is a fact there was no testimony that the defendant or his companions had gone to a dance and beat up a man before coming to Kimmel's. Kimmel's was the place that the deceased, George Kimmel, ran. It was a beer tavern." Moreover, the court certified: "The evidence did not justify such conclusion or argument." The court sustained appellant's objection to the argument and instructed the jury not to consider it for any purpose. In view of the entire record, which shows that much inadmissible and prejudicial testimony touching specific acts of misconduct on the part of appellant went before the jury, we are of opinion that the unsworn statement of the assistant district attorney was calculated to add fuel to the flame and bring about the penalty of twenty-five years, which was assessed against appellant. In short, in the light of the entire record, the argument is deemed to be obviously prejudicial and of such a nature as that the court's instruction to the jury can not be said to have had the effect of saving appellant from harm. Hence, we are constrained to hold that reversible error is presented.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.